IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Fletcher Herbert, | C/A No. 3:13-453-CMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| The State of South Carolina; Lexington County Sheriff Dept., | |
| Defendants. | |

The plaintiff, Robert Fletcher Herbert, ("Plaintiff"), a self-represented litigant, brings this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff brings this lawsuit seeking damages against South Carolina and the Lexington County's Sheriff's Department based on the following factual allegations. He alleges that the Lexington County Sheriff's Department is a state agency, and Michael Gooding and Brian Smith were allowed by the Sheriff's Department to violate Plaintiff's constitutional rights in April 2012, when they falsely arrested him on certain criminal charges.[1] (Compl., ECF No. 1 at 3-4.) Plaintiff alleges he has been in jail for seven months with his bail set at $500,000, which constitutes an excessive bail. (Id.) At a

---

[1] At this time, Plaintiff has a pending lawsuit against Michael Gooding and Brian Smith based on similar factual allegations. See Herbert v. Gooding, C/A No. 3:12-2621-CMC-PJG.



different place in the Complaint, he alleges he is being held "on a 1 million dollar bond." (Id. at 5.) He alleges his right to a speedy trial has been violated, and he is falsely imprisoned on false charges. (Id. at 4.) Further, Plaintiff complains that certain news media slandered his reputation.[2] (Id.) Plaintiff seeks $200,000 in damages because he alleges that it is the maximum amount for which he can sue South Carolina and the Sheriff's Department. (Id. at 5.) However, he also seeks $3 million per day for the time he has spent in jail. (Id.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

---

[2] At this time, Plaintiff has a pending lawsuit against several media groups based on similar factual allegations. See Herbert v. WLTX News, C/A No. 3:12-3485-CMC-PJG.



§ 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983 as Plaintiff seeks damages for violations of his constitutional rights secured by the Sixth (right to a speedy trial) and Eighth (prohibition against excessive bail) Amendments. This action, however, has no basis in law because both defendants have immunity to suit pursuant to the Eleventh Amendment.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Moreover, it has long been recognized that arms of the State are not "persons" for purposes of § 1983. Will, 491 U.S. at 70-71.

In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C.



1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), aff'd, 878 F.2d 379 (4th Cir. 1989); Carroll v. Greenville Cnty. Sheriff's Dep't, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state). As an agency of the state, the Lexington County Sheriff's Department is immune from a suit seeking damages under the Eleventh Amendment to the United States Constitution which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. Stewart v. Beaufort Cnty., 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity.") Because the Lexington County Sheriff's Department, and the State of South Carolina, have immunity from suit in this court, this action should be dismissed.

Moreover, this action is malicious because Plaintiff has previously sued the Lexington County Sheriff's Department in this court for damages pursuant to § 1983, and this court summarily dismissed it based on immunity. See Herbert v. Gooding, C/A No. 3:12-2621-CMC-PJG (D.S.C. Jan. 3, 2013), ECF No. 35. In the prior suit, this court entered a Report and Recommendation which explained that the Eleventh Amendment bars suits in federal court for damages against the State of South Carolina and the Lexington County Sheriff's Department. See Herbert v. Gooding, C/A No. 3:12-2621-CMC-PJG (D.S.C. Nov. 29, 2012), ECF No. 17. Thus, by bringing a similar action once again seeking damages against entities which Plaintiff knows are entitled to immunity in this court, Plaintiff has filed a repetitive lawsuit which rises to the level of a malicious lawsuit. See Jones v. South Carolina, C/A No. 3:02-157-24BC, 2002 WL 32334394, at *1 (D.S.C. Sept. 17, 2002). A "strike" pursuant to 28 U.S.C. § 1915(g) is recommended based on



maliciousness. See McLean v. United States, 566 F.3d 391, 399-400 (4th Cir. 2009). Because no amendment to the Complaint could cure any defect in the pleading, this action should be dismissed with prejudice. Cf. Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009).

### RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed with prejudice based on maliciousness. It is further recommended that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 29, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).